IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jerome Fears, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *-vs-* | ) | No. 24-cv-5101 |
| | ) | |
| Elias Agredano, #15210, and City of | ) | *(Jury Demand)* |
| Chicago, | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343 and 1367.

2. Plaintiff Jerome Fears is a resident of the Northern District of Illinois.

3. Defendant Elias Agredano, #15210, was, at all relevant times, acting under color of his office as a Chicago police office.

4. Defendant City of Chicago is an Illinois municipal corporation. Plaintiff does not assert a federal claim against defendant City; plaintiff sues the City for a state law claim of battery and as the potential indemnitor of defendant Agredano.

5. On June 11, 2023, plaintiff was lawfully standing outside a McDonald's on the South Side of Chicago.

6.     Plaintiff was not violating any state or federal law or any municipal ordinance.

7.     Defendant Agredano drove his police vehicle close to the position where plaintiff was lawfully standing.

8.     Defendant Agredano got out of the vehicle and ordered plaintiff to "stay right there."

9.     Defendant Agredano did not have a lawful basis to deprive plaintiff of his freedom of movement.

10.     Plaintiff ran from defendant Agredano.

11.     Neither Agredano nor any other police officer had told plaintiff that that he was under arrest before plaintiff ran from defendant Agredano.

12.     Plaintiff is a Black man; based on his life experience and the deplorable history of policing in Chicago, including his own personal experience with corrupt Chicago police officers, plaintiff had a reasonable basis to seek to avoid interacting with police officers.

13.     Plaintiff's conduct was consistent with what the Illinois Appellate Court accurately described as "the well-documented, reasonable, and noncriminal impulse to avoid interactions with police." *People v. Horton*, 2019 IL App (1st) 142019-B, ¶ 7, 142 N.E.3d 854, 858.

14.     Defendant Agredano ran after plaintiff and shouted in plaintiff's direction, "Stop right there! Stop right there, you're going to get tased! You're

going to get tased! You're going to get tased! Stop right there, you're going to get fucking tased."

15. At the time defendant Agredano spoke the above words, he had not observed plaintiff with a weapon, and he had not observed anything that could have caused a reasonable police officer to believe that the use of force was appropriate.

16. A reasonable police officer, confronted with the facts known to Agredano, would have known that firing a taser at plaintiff would cause him to collapse uncontrollably to the ground and suffer personal injuries.

17. Defendant Agredano fired his taser at plaintiff. Plaintiff fell uncontrollably to the ground, as depicted in the following still image:



18. Plaintiff suffered personal injuries as a result of defendant Agredano firing his taser.

19. Officers placed plaintiff into handcuffs and subjected him to a full custodial arrest.

20. After the arrest, defendant Agredano prepared an official police report in which he claimed that he believed plaintiff had a weapon because plaintiff reached into his front waistband while he ran

21. This claim is false. Plaintiff did not reach into his waistband while he ran, and he did not have a weapon of any kind on his person.

22. When defendant Agredano chased plaintiff and fired his taser at him,

   a. Agredano did not have reason to believe that plaintiff had committed a violent offense;

   b. Agredano did not have reason to believe that plaintiff had committed any offense;

   c. Agredano did not have reason to believe that plaintiff posed an immediate threat to Agredano or to anyone else; and

   d. Agredano did not have reason to believe that plaintiff was actively resisting arrest or attempting to evade arrest by flight.

23. After the arrest, Defendant Agredano prepared and signed criminal complaints charging plaintiff with criminal offenses.

24. At the time he caused plaintiff to be charged, defendant Agredano knew that there was not probable cause to prosecute plaintiff.

25. Plaintiff remained in custody from the time that defendant Agredano initiated charges in the evening of July 11, 2023, until he was released on bond in the evening of July 12, 2023.

26. On August 3, 2023, the prosecutor dismissed the charges against plaintiff.

27. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth Amendment to the Constitution of the United States.

28. As a supplemental state law claim against defendant City of Chicago only: As a result of the foregoing, plaintiff was subjected to the Illinois tort of battery for which defendant City of Chicago is liable because defendant Agredano's conduct was willful and wanton, his acts resulted in offensive contact with plaintiff's person, and plaintiff did not consent to the contact.

29. Plaintiff hereby demands trial by jury.

WHEREFORE, plaintiff requests that appropriate compensatory and punitive damages be awarded against defendant Agredano, that appropriate compensatory damages only be awarded against defendant City of Chicago, and that fees and costs be taxed against all defendants.

/s/  Joel A. Flaxman
     Joel A. Flaxman
     ARDC No. 6292818
     Kenneth N. Flaxman
     200 S Michigan Ave Ste 201
     Chicago, IL 60604-2430
     (312) 427-3200
     *Attorneys for Plaintiff*